# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| MODULUS SYSTEMS LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:23-cv-220 |
| MURATA ELECTRONICS NORTH AMERICA, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff states for its Complaint against Defendant as follows:

## INTRODUCTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## PARTIES

2.      Plaintiff Modulus Systems LLC is a limited liability company organized and existing under the laws of Delaware.

3.      On information and belief, Defendant Murata Electronics North America, Inc. is a corporation organized and existing under the laws of Texas with a regular and established place of business in this judicial district, including 4100 Midway Road, Suite 2050, Carrollton, TX 75007.

## JURISDICTION

4.     This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271, *et seq*.

5.     This Court has personal jurisdiction over Defendant. For example, Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in and/or directed toward the State of Texas. On information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas.

6.     This Court has personal jurisdiction over Defendant under the provisions of the Texas Long Arm Statute and consistent with Constitutional due process by virtue of the fact that, upon information and belief, Defendant has availed itself of the privilege of conducting and soliciting business within this State, including engaging in at least some of the infringing activities in this State, such that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution and without offending traditional notions of fair play and substantial justice.

7.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b) because, on information and belief, Defendant resides in this judicial district. Moreover, on information and belief, Defendant has a regular and established place of business and has committed acts of patent infringement in this judicial district.

## Plaintiff's U.S. Patent No. 8,610,573

8.     Plaintiff is the assignee of all right, title and interest in United States Patent No. 8,610,573, including all rights to enforce and prosecute actions for infringement and to collect

damages for all relevant times against infringers of the '573 patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '573 patent by Defendant.

9.      The '573 patent, which issued on December 17, 2013, is entitled, "Radio Frequency Module and Methods of Transmitting/Receiving Data." The '573 patent issued from U.S. Application No. 12/558,484, which was filed on September 11, 2009. The '484 application claims the benefit of U.S. Provisional Application No. 61/096,163, filed on September 11, 2008. A true and correct copy of the '573 patent is attached hereto as Exhibit A and incorporated herein by reference.

## COUNT ONE: INFRINGEMENT OF THE '573 PATENT

10.     Plaintiff realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

11.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '573 patent by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the chart incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claim of the '573 patent (the "Exemplary '573 Patent Claim") identified in the chart incorporated into this Count as Exhibit B literally or by the doctrine of equivalents.

12.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

13.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer

for sale, market, and/or import into the United States products that infringe the '573 patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '573 patent. *See* Exhibit B.

14. **Induced Infringement**. At least since being served with this Complaint, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '573 patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to its customers for use in end-user products and distributing product literature and website materials inducing end users and others to use their products in a manner that infringes one or more claims of the '573 patent.

15. Exhibit B includes a chart comparing the Exemplary '573 Patent Claim to the Exemplary Defendant Products. As set forth in this chart, the Exemplary Defendant Products practice the technology claimed by the '573 patent. Accordingly, the Exemplary Defendant Products incorporated in this chart satisfy all elements of the Exemplary '573 Patent Claim.

16. Plaintiff therefore incorporates by reference the claim chart of Exhibit B into its allegations herein.

17. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff seeks the following relief:

      a. Declaring that Defendant has infringed the '573 patent;

      b. That Defendant be ordered to pay damages adequate to compensate Plaintiff for

its infringement of the '573 patent pursuant to 35 U.S.C. § 284;

c.      That Defendant be ordered to pay prejudgment interest pursuant to 35 U.S.C. §

284;

d.      That Defendant be ordered to pay all costs associated with this action pursuant to

35 U.S.C. § 284;

e.      That Defendant be ordered to pay Plaintiff's attorneys' fees pursuant to 35 U.S.C.

§ 285; and

f.      That Plaintiff be granted such other and additional relief as the Court deems just

and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues so triable.

THIS 18th day of May, 2023.

Respectfully submitted,


/s/ Cortney S. Alexander
Cortney S. Alexander
Telephone: 404-855-3867
Email: cortneyalexander@kentrisley.com
KENT & RISLEY LLC
5755 North Point Parkway
Suite 57
Alpharetta, Georgia 30022

Attorneys for Plaintiff